# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 17, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEFFREY A. STYERS,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1433**  (BOR Appeal No. 2045772)
(Claim No. 2004035256)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CANNELTON INDUSTRIES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jeffrey A. Styers, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 19, 2011, in which the Board affirmed a March 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 17, 2009, decision granting a 4% permanent partial disability award for Mr. Styers's right elbow and shoulder injuries. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Styers injured his right elbow and shoulder when he fell through a wooden bridge on December 31, 2003. He has undergone four independent medical evaluations to determine the amount of permanent impairment resulting from these injuries. On July 7, 2009, Dr. Grady examined Mr. Styers and found that he sustained 4% whole person impairment as a result of the December 31, 2003, injuries. On September 15, 2009, Dr. Kominsky found that Mr. Styers sustained 8% whole person impairment as a result of the December 31, 2003, injuries. On December 18, 2009, Dr. Walker performed an examination and found that Mr. Styers sustained 9% whole person impairment as a result of the December 31, 2003, incident. On October 29, 2010, Dr. Jin examined Mr. Styers and found that he suffers from 6% whole person impairment. She further found that Dr. Grady's evaluation is reasonable and stated that a finding of 4% whole person impairment is unlikely to underestimate the amount of impairment related to the December 31, 2003, injuries.

In its Order affirming the July 17, 2009, claims administrator's decision, the Office of Judges held that Mr. Styers is entitled to no greater than a 4% permanent partial disability award for the December 31, 2003, injuries. Mr. Styers disputes this finding and asserts, per the opinion of Dr. Walker, that he is entitled to a 9% permanent partial disability award for the December 31, 2003, injuries.

The Office of Judges found that the opinions of Dr. Kominsky and Dr. Walker are flawed. The Office of Judges found that Dr. Kominsky failed to measure the range of motion of Mr. Styers's uninjured left shoulder, and noted that Dr. Jin pointed out that it is common practice to examine both the injured limb and the non-injured limb for the purpose of comparison. The Office of Judges further noted that Dr. Walker included an impairment rating for impingement of the suprascapularis nerve, and found that he was the only physician to make that diagnosis. The Office of Judges further found that Dr. Walker failed to explain the basis for his finding, and noted that there is no evidence of a nerve injury in the instant claim. The Board of Review reached the same reasoned conclusions in its decision of September 19, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 17, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II